# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 20-CV-61172-RAR

**SIRGAE JEWELL**,

      Plaintiff,

v.

**TOWN OF DAVIE**, *et al.*,

      Defendants.

_____/

### ORDER DENYING DEFENDANTS'
### <u>MOTION TO DISMISS AND PROVIDING CLARIFICATION</u>

**THIS CAUSE** comes before the Court on Defendants Town of Davie and Officer Christopher Costello's Motion to Dismiss the Amended Complaint for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6) [ECF No. 15] ("Motion"). The Court conducted a telephonic hearing to discuss the Motion on December 16, 2020 ("Hearing"). *See* Paperless Minute Entry [ECF No. 31]. The Court having heard argument from all parties and carefully reviewed Plaintiff's Complaint [ECF No. 1], the Motion, Plaintiff's Response in Opposition [ECF No. 20], and Defendants' Reply [ECF No. 25], and being otherwise fully advised, it is

**ORDERED AND ADJUDGED** that the Motion is **DENIED** as follows:

1.      As stated on the record at the Hearing, Defendants **WITHDRAW** their Motion to Dismiss Counts I, III, IV, and VI of Plaintiff's Complaint. Thus, Defendants only challenge Counts II, V, and VII.

2.      Defendants sought clarity as to whether Count II is being pursued against Defendant Officer Costello, the Town of Davie, or both. *See* Reply at 2. As acknowledged by

Plaintiff on the record at the Hearing, Count II is being pleaded *only* against Defendant Officer Costello.  Noting that clarification, the Court **DENIES** Defendants' Motion to Dismiss Count II of Plaintiff's Complaint.

3.      Defendants' Motion to Dismiss Counts V and VII is **DENIED**.  Defendants argue that Plaintiff's claims against Defendant Town of Davie for false imprisonment (Count V) and excessive force (Count VII) under Florida law are barred by sections 768.28(6)(a) and (9)(a) of the Florida Statutes.  *See generally* Mot. at 4-5, 7.

Section 768.28(9)(a) bars tort claims against "the state or one of its subdivisions" for officer actions where the officer acted "in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property."  Fla. Stat. § 768.28(9)(a).  Here, Plaintiff alleges that Officer Costello acted "with bad faith, malicious purpose, or with willful, wanton, and deliberate indifference to Jewell's rights, health, and safety" throughout the alleged incident.  Compl. ¶¶ 34, 41.  Although Defendants are correct that such allegations—if proven— would immunize the Town of Davie from liability for false imprisonment and excessive force under section 768.28(9)(a), Federal Rule of Civil Procedure 8(e)(2) permits a plaintiff to plead alternative theories of recovery.  And "the nature of Fla. Stat. § 768.28 tends to require a plaintiff to plead alternative and inconsistent claims against a governmental entity and its employees." *Valdes v. Miami-Dade Cty.*, No. 12-22426-CIV, 2013 WL 5429938, at *10 (S.D. Fla. Sept. 27, 2013) (Moreno, J.) (citation omitted).  Therefore, although Plaintiff cannot ultimately prevail on his excessive force and false imprisonment claims against *both* Officer Costello and the Town of Davie, "he is not foreclosed from making inconsistent allegations at the pleading stage."  *Id*. at *18; *see also Hayden v. Broward Cty.*, No. 12-62278-CIV, 2013 WL 4786486, at *16 (S.D. Fla. Sept. 6, 2013) ("Defendants are correct, in principle. Under Section 768.28(9)(a), an individual

officer or a governmental entity—but not both—can be held liable.  But Plaintiff may plead inconsistent and mutually exclusive claims.  Therefore, although Plaintiff may not recover from both the individuals and their employers, Plaintiff's inconsistent claims cannot provide a basis for dismissal.") (internal citations omitted).

    4.    Lastly, Defendants also quarrel with Plaintiff's failure to comply with section 768.28(6)(a) of the Florida Statutes, which provides as follows:

> An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality or the Florida Space Authority, presents such claim in writing to the Department of Financial Services, within 3 years after such claim accrues and the Department of Financial Services or the appropriate agency denies the claim in writing.

"Satisfaction of the Florida notice requirements set forth in Fla. Stat. § 768.28(6)(a) is a condition precedent to maintaining a lawsuit."  *Fletcher v. City of Miami*, 567 F. Supp. 2d 1389, 1393 (S.D. Fla. 2008) (citations and alterations omitted).   Although Defendants correctly point out that Plaintiff did not allege compliance with the statutory notice requirements in his Complaint, Plaintiff informed Defendants and the Court at the Hearing that he has in fact complied with said requirements and has agreed to furnish proof of compliance.  Therefore, Defendants' Motion to Dismiss Counts V and VII based on a failure to comply with section 768.28(6)(a) is **DENIED** ***without prejudice***, and Plaintiff shall file a Notice of Compliance with section 768.28(6)(a) with the Court by no later than **<u>Friday, December 18, 2020</u>**.

    **DONE AND ORDERED** in Fort Lauderdale, Florida this 16th day of December, 2020.

                                                   _____

                                                 **RODOLFO A. RUIZ II**
                                                 **UNITED STATES DISTRICT JUDGE**